# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**VICTOR SANCHEZ,**

    **Plaintiff,**

**v.**                                                                                              **Case No: 5:13-cv-201-Oc-22PRL**

**CAGAN MANAGEMENT GROUP, INC.**

    **Defendant.**

## REPORT AND RECOMMENDATION

    This matter is before the Court on the parties' Joint Motion for Settlement Approval and Stipulation of Dismissal. (Doc. 16). The District Judge referred this Motion to the undersigned to determine whether the settlement between Plaintiff and Defendant is a "fair and reasonable resolution of a bona fide dispute" over Fair Labor Standards Act ("FLSA") issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). (Doc. 17).

    If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

    The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.
> *Id.*

As set forth in the motion, the settlement provides that Defendant will pay Plaintiff $1,991.50, plus an equal amount in liquidated damages. Defendant will also pay Plaintiff's counsel $4,000.00 in attorney's fees and costs. The parties represent that Plaintiff is receiving full compensation for his claims under the FLSA; and thus, his claims have not been compromised. In exchange for these payments, Plaintiff agrees to release Defendant from all wage claims. The parties wish to avoid litigation and settle and resolve the controversy amicably and expeditiously. Under these circumstances, the undersigned finds the settlement to be reasonable, especially considering the vagaries of litigation.

As for the amount of attorney's fees and costs, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 Fed. Appx. 349, 351, 2009 WL 73164, 2 (11th Cir. 2009); *see also Zegers v.*

*Countrywide Mortg. Ventures, LLC*, 569 F.Supp. 2d 1259 (M.D. Fla. 2008) (applying lodestar analysis in FLSA case).

Here, the parties represent that the attorney's fees and costs were negotiated separately from Plaintiff's recovery. While this may be a reference to *Bonetti v. Embarq Mgmt.Co.*, Case No.: 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009), *Bonetti,* is not binding throughout this district. Plaintiff, in his Interrogatories, represents that his attorney bills at a rate of $300 per hour, but there is nothing in the record supporting the reasonableness of this rate. (Doc. 13-1 at ¶9). Likewise, the parties have not provided any billing records or itemization of time expended, nor is there a basis for concluding that Plaintiff has actual knowledge of the time spent on this case. If Plaintiff's ultimate recovery was compromised to account for these fees and costs, the Court would be hesitant to approve the settlement agreement, based on this slight evidentiary showing. The parties, however, represent that there is no correlation between the amount of monetary consideration to be paid to Plaintiff and the amount of attorney's fees and costs to be paid by Defendant. In view of the fact that Plaintiff is recovering his entire claim, the Court finds that as long as counsel does not seek to recover anything further from Plaintiff, the recovery is not compromised.[1]

As such, it is **respectfully recommended** that the parties' Motion (Doc. 16) be granted, the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues, and the matter be dismissed, with prejudice.

---

[1] The Court makes no finding as to the reasonableness of the specific hourly rates, as there is insufficient information provided. The Court finds only that the overall amount of fees and costs does not render the settlement unreasonable, for the factors stated.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Ocala, Florida on November 6, 2013.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy